BLANK ROME LLP
Cheryl S. Chang (SBN 237098)
Chang@BlankRome.com
Robert P. Merten III (SBN 261446)
RMerten@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Plaintiff
BARKER LOUNGE BRANDS, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO BRANCH

| | |
|---|---|
| THE BARKER LOUNGE BRANDS, LLC, a New Jersey limited liability company,<br><br>              Plaintiff,<br><br>     vs.<br><br>BARKA LOUNGE, LLC, a California limited liability company, and DOES 1-9, inclusive,<br><br>              Defendants. | Case No.<br><br>**PLAINTIFF THE BARKER LOUNGE BRANDS, LLC'S COMPLAINT FOR**<br>  **(1) TRADEMARK INFRINGEMENT (LANHAM ACT §43(A), 15 U.S.C. § 1125(A));**<br>  **(2) TRADEMARK INFRINGEMENT (COMMON LAW);**<br>  **(3) UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §17200)**<br><br>DEMAND FOR JURY TRIAL |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiff THE BARKER LOUNGE BRANDS, LLC ("Barker Lounge") brings this action to enjoin BARKA LOUNGE, LLC's ("Barka Lounge") infringement of Barker Lounge's trademarks, for Barka Lounge's violation of 15 U.S.C. §§1114 and 1125(a), and for trademark infringement, and for unfair competition under California Business and Professions Code Section 17200, et seq.  Barker Lounge seeks preliminary and permanent injunctive relief and damages under the laws of the United States and the State of California and alleges on knowledge as to itself and its own acts, and on information and belief as to all other matters, as follows:

## NATURE OF ACTION

1. Barker Lounge is a pet-related day care and boarding services company. Barker Lounge is the exclusive owner of and has maintained rights in its THE BARKER LOUNGE® trademarks (the "BARKER LOUNGE Marks"), as used in connection with pet day care and boarding services throughout the United States since at least as early as August 2005 (in the case of the Word Mark, as defined below) and March 30, 2006 (in the case of the Design Mark and Combined Word and Design Mark, as defined below).

2. Barka Lounge is a California limited liability company that operates a single location that provides boarding, daycare and grooming services to dogs.  Barka Lounge opened its operations in late 2012.

3. Since Barka Lounge opened in late 2012, it has begun improperly using the "Barka Lounge" trade name in a confusingly similar manner to Barker Lounge's registered BARKER LOUNGE Marks.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§1064 and 1121; and 28 U.S.C. §§1331, 1338 and 1367.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.  Defendant Barka Lounge

1  is transacting and doing business within this judicial district, is committing the acts
2  complained of herein within this judicial district, and is subject to the jurisdiction of
3  this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure.
4        5.     This Court also has supplemental jurisdiction over the pendant state law
5  claims because they form a part of the same case or controversy under Article III of
6  the United States Constitution, pursuant to 28 U.S.C. § 1367.
7        6.     *Intra-District Assignment*.  Because this is a trademark action, pursuant
8  to Northern District Local Rule 3-2(c) and Northern District General Order 44(D)(5),
9  venue for this case is proper in any Courthouse in this District.
10       7.     Venue and personal jurisdiction over Barka Lounge is proper in this
11 District under 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

13       8.     Barker Lounge is a limited liability company organized under the laws of
14 the State of New Jersey with its principal place of business at 109 Aldene Road,
15 Building 1, Roselle, New Jersey, 07203.
16       9.     Upon information and belief, Barka Lounge is a California limited
17 liability company having a principal place of business at 1776 Arnold Industrial Way,
18 Concord, California 94520.
19       10.    The true names and capacities, whether individual, corporate or
20 otherwise of Defendant Does 1-9 inclusive, are unknown to Barker Lounge, who
21 therefore sues them by such fictitious names.  Barker Lounge will seek leave to amend
22 this complaint to allege their true names and capacities when they have been
23 ascertained.  Barker Lounge is informed and believes and thereon alleges that each of
24 the fictitiously named Defendants are responsible in some manner for the occurrences
25 herein alleged and that Barker Lounge's damages as herein alleged were proximately
26 caused by those Defendants.  At all times herein mentioned, Defendant Does 1-9
27 inclusive were the agents, servants, employees or attorneys of their co-defendants, and
28 in doing the thing hereinafter alleged were acting within the course and scope of their

authority as those agents, servants, employees or attorneys, and with the permission and consent of their co-defendants.

## BARKER LOUNGE AND ITS SERVICE MARKS

11. Barker Lounge is the exclusive owner of and has maintained rights in the BARKER LOUNGE Marks, as used in connection with pet day care and boarding services throughout the United States since at least as early as August 2005 (in the case of the Word Mark, as defined below) and March 30, 2006 (in the case of the Design Mark and Combined Word and Design Mark, as defined below). Barker Lounge owns three U.S. Service Mark Registrations for the same, including U.S. Registration Nos. 3,083,780, 3,435,720 and 3,435,723.

12. Registration No. 3,083,780 protects the standard character mark "THE BARKER LOUNGE" for pet day care services and pet boarding services ("Word Mark"). The Word Mark was issued by the United States Patent and Trademark Office ("USPTO") on April 18, 2006.

13. Registration No. 3,435,720 protects the following bone and martini glass design for pet day care services and pet boarding services ("Design Mark"):

The Design Mark was issued by the USPTO on May 27, 2008.

14. Registration No. 3,435,723 protects the following bone, star and martini glass design combined with the wording "THE BARKER LOUNGE" for pet day care services and pet boarding services ("Combined Word and Design Mark"):

131106.00101/95193831v.5        3
THE BARKER LOUNGE BRANDS, LLC'S COMPLAINT



The Word Mark was issued by the USPTO on May 27, 2008.

15. The Word Mark, Design Mark and Combined Word and Design Mark are valid and subsisting and incontestable. True and correct copies of the Word Mark, Design Mark and Combined Word and Design Mark registration certificates issued by the USPTO are attached hereto as **Exhibits A**, **B** and **C**.

16. Since opening its first pet day care and boarding facility in Folsom, Pennsylvania in 2005, Barker Lounge has expanded to six nationwide locations, including facilities in New Jersey, Georgia, Tennessee , North Carolina and Texas.

17. Since 2006, Barker Lounge has maintained a website at http://www.thebarkerlounge.com, where the Word Mark, Design Mark and Combined Word and Design Mark are prominently featured numerous times on each page of the website (the "Barker Lounge Website").

18. When customers visit the Barker Lounge Website, they can browse through the various services provided by Barker Lounge, visit Barker Lounge's six locations owned and operated by Barker Lounge franchisees, contact Barker Lounge representatives, determine the boarding and daycare entry requirements for Barker Lounge pets, or reserve online a daycare or boarding visit.

19. Furthermore, at the various Barker Lounge locations throughout the country, the BARKER LOUNGE Marks are featured on the storefront of the day care facilities, in the facility lobbies, as well as throughout the facilities. The marks are found distributed throughout the markets of which the facilities are a part: on magnets on automobiles, on billboards, displayed in local businesses, etc.

20. At all relevant times, Barker Lounge facilities and the Barker Website have been prominently marked with the BARKER LOUNGE Marks.

21. Barker Lounge goods and services enjoy significant sales and are widely recognized throughout the United States to be of the highest quality. The BARKER LOUNGE Marks have achieved wide renown and they are inherently distinctive, enjoying secondary meaning and significance in the minds of the trade and purchasing public, such that pet daycare and boarding services offered in connection with the BARKER LOUNGE Marks are immediately identified by the purchasing public with Barker Lounge.

22. Barker Lounge goods and services are widely recognized by the purchasing public throughout the United States to be of the highest quality and offered and sold under superior customer service conditions. As a result thereof, the BARKER LOUNGE Marks and the goodwill associated therewith are inestimable value to Barker Lounge.

## BARKA LOUNGE'S ILLEGAL CONDUCT

23. Upon information and belief, in or about July 2012, six years after Barker Lounge opened its first pet daycare and boarding facility using the BARKER LOUNGE Marks, and six years after the Word Mark was issued, Barka Lounge, without Barker Lounge's authorization, opened a pet day care, boarding and grooming facility at 1776 Arnold Industrial Way in Concord, California under the trade name "BARKA LOUNGE."

24. Furthermore, Barka Lounge promotes its goods and services on a website located at http://www.barkalounge.com where customers can also browse through the various services provided by Barka Lounge, contact Barka Lounge representatives, or reserve online a daycare or boarding visit.

25. Not only is the "BARKA LOUNGE" name confusingly similar to Barker Lounge's registered BARKER LOUNGE Marks, but the services offered by Barka

1  Lounge are also identical with and subsumed by the services designated under the
2  BARKER LOUNGE Marks.

3   26.   The Barka Lounge goods and services are identical and/or nearly
4  identical to the Barker Lounge goods and services.

5   27.   At all relevant times, Barka Lounge has prominently featured the "Barka
6  Lounge" name on its website and store location.

7   28.   Upon information and belief, the similarities between the BARKER
8  LOUNGE Marks and the "Barka Lounge" name, which differs by just two letters and
9  are used in connection with identical and nearly identical goods and services, are no
10 coincidence.  Upon information and belief, at all relevant times, including before the
11 time that Barka Lounge commenced using the "Barka Lounge" name, Barka Lounge
12 was aware of Barker Lounge and the BARKER LOUNGE Marks.

13   29.   Furthermore, when Barker Lounge became aware of Barka Lounge using
14 the "Barka Lounge" name, Barker Lounge sent cease and desist letters to Barka
15 Lounge on March 21, 2014 and April 3, 2014, advising Barka Lounge of its infringing
16 use of the trade name and marks that are confusingly similar to the BARKER
17 LOUNGE Marks. However, Barka Lounge ignored those letters and did not take any
18 action to cease use of the "Barka Lounge" name.

19   30.   Upon information and belief, Barka Lounge intentionally sought to trade
20 on the BARKER LOUNGE Marks and Barker Lounge's reputation and to otherwise
21 cause consumer confusion.

22   31.   Barker Lounge never consented to or authorized Barka Lounge's use of
23 the "Barka Lounge" name.  Barka Lounge's use of the "Barka Lounge" name has
24 been and continues to be in a manner that is likely to cause confusion, mistake and
25 deceive.

26   32.   Barka Lounge's unauthorized use of the "Barka Lounge" name is likely
27 to create and foster and, in fact, fosters the false impression that the goods and
28 services that Barka Lounge offers and sells in connection with the "Barka Lounge"

name originate from, are affiliated, associated or connected with, originate from or are sponsored or approved by Barker Lounge.

33. In addition, Barka Lounge's unauthorized use of the "Barka Lounge" name is likely to create and foster and, in fact, fosters the false impression that the goods and services that Barker Lounge offers and sells in connection with the BARKER LOUNGE Marks originate from, are affiliated, associated or connected with, originate from or are sponsored or approved by Barka Lounge.

34. By the aforementioned letters dated March 21, 2014 and April 3, 2014, Barker Lounge put Barka Lounge on notice of its infringing conduct. True and correct copies of the letters dated March 21, 2014 and April 3, 2014 are attached hereto as **Exhibits D** and **E**. Despite due demand, Barka Lounge has continued its infringing conduct.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement)
### (15 U.S.C. §1125(a))

35. Barker Lounge realleges and incorporates by reference paragraphs 1 through 34 of its Complaint as if fully set forth herein.

36. This claim is against Barka Lounge for trademark infringement in violation of Lanham Act §43(a), 15 U.S.C. §1125(a).

37. Based on at least the federal trademark registrations attached hereto as **Exhibits A, B** and **C**, Barker Lounge owns exclusive rights to the BARKER LOUNGE Marks in the United States in connection with pet day care and boarding services online and in brick and mortar facilities. Having been registered and in continuous use for more than six (6) years, the requisite filings with the USPTO made, the BARKER LOUNGE Marks incontestable.

38. Barka Lounge has used, and is using, in commerce the name "BARKA LOUNGE" all over its website and on its brick and mortar facility in California in

1   connection with pet day care and boarding services in such a way that is likely to
2   cause confusion, to cause mistake, or to deceive, as to the affiliation, connection, or
3   association between Barka Lounge and Barker Lounge and its BARKER LOUNGE
4   Marks.

5       39.   Barka Lounge has used, and is using, in commerce the name "BARKA
6   LOUNGE" in such a way as to create a likelihood of confusion, mistake or deception
7   as to the origin, sponsorship, or approval of Barka Lounge's goods and services by
8   Barker Lounge.

9       40.   Barka Lounge has therefore infringed, and is infringing, the BARKER
10  LOUNGE Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C.
11  §1125(a).

12      41.   Upon information and belief, and in light of the popularity of the
13  BARKER LOUNGE Marks and their being well-known in the six states in which
14  Barker Lounge has facilities, at all times relevant to this action, including after Barker
15  Lounge's issuance of the March 21, 2014 and April 3, 2014 letters attached as
16  **Exhibits D** and **E**, Barka Lounge knew of Barker Lounge's prior adoption and
17  commercial use of the BARKER LOUNGE Marks in connection with pet day care
18  and boarding services, and Barka Lounge's adoption of the "BARKA LOUNGE"
19  name was a blatant attempt to trade on Barker Lounge's goodwill and good reputation.
20  Barka Lounge's infringement of the BARKER LOUNGE Marks is therefore willful
21  and deliberate.

22      42.   As a direct and proximate result of Barka Lounge's infringement of the
23  BARKER LOUNGE Marks, Barker Lounge has been damaged in an amount that is
24  presently unknown, but believed to be in excess of $75,000.00.  At such time as
25  Barker Lounge has ascertained its damages to a more specific amount, leave to amend
26  this Complaint to alleges such damages will be sought, if necessary.

27      43.   By reason of Barka Lounge's acts of trademark infringement, Barker
28  Lounge has suffered and will continue to suffer irreparable injury unless and until this

1  Court enters an order enjoining Barka Lounge from any further acts of trademark
2  infringement.
3     44.   By reason of Barka Lounge's acts of trademark infringement, Barker
4  Lounge has suffered and will continue to suffer irreparable injury unless and until this
5  Court enters an order enjoining Barka Lounge from any further acts of trademark
6  infringement.  Barka Lounge's continuing acts of trademark infringement, unless
7  enjoined, will cause irreparable damage to Barker Lounge in that he will have no
8  adequate remedy at law to compel Barka Lounge to cease such acts. Barker Lounge
9  will be compelled to prosecute a multiplicity of actions, one action each time Barka
10 Lounge commits such acts, and in each such action it will be extremely difficult to
11 ascertain the amount of compensation which will afford Barker Lounge adequate
12 relief.  Barker Lounge is therefore entitled to a preliminary injunction and a permanent
13 injunction against further infringing conduct by Barka Lounge.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement)

### (Common Law)

17    45.   Barker Lounge realleges and incorporates by reference paragraphs 1
18 through 44 of its Complaint as if fully set forth herein.
19    46.   Barka Lounge's wrongful activities in the States of California have
20 caused Barker Lounge irreparable injury.  Barker Lounge is informed and believes
21 that unless said conduct is enjoined by this Court, Barka Lounge will continue and
22 expand those activities to the continued and irreparable injury of Barker Lounge.  This
23 injury includes a reduction in distinctiveness of Barker Lounge's BARKER LOUNGE
24 Marks and injury to Barker Lounge's reputation that cannot be remedies through
25 damages., and Barker Lounge has no adequate remedy at law.  Barker Lounge is
26 entitled to preliminary and permanent injunctions restraining and enjoining Barka
27 Lounge and its agents, servants, employees, and all persons acting thereunder, in
28

concert with, or on their behalf, from using in commerce the "BARKA LOUNGE" name or any colorable imitation thereof.

47. Barker Lounge is also entitled to recover (i) Barka Lounge's profits, (ii) Barker Lounge's ascertainable damages, and (iii) Barker Lounge's costs of suit. Barka Lounge's willful use of Barker Lounge's BARKER LOUNGE Marks without excuse or justification entitles Barker Lounge to its reasonable attorneys fees.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition)

### (Cal. Bus. and Prof. Code §17200)

48. Barker Lounge realleges and incorporates by reference paragraphs 1 through 47 of its Complaint as if fully set forth herein.

49. BARKER LOUNGE Marks are wholly associated with Barker Lounge due to its long use thereof, and as such, Barker Lounge is deserving of having its name and mark adequately protected with respect to the conduct of its business.

50. Barka Lounge's use of the same or virtually the same "BARKA LOUNGE" mark in connection with its business and sales of pet day care and boarding goods and services comprises unfair competition in that customers and/or would-be customers are likely to be confused concerning the origin of goods using the same or near identical names and marks in the marketplace, as well as the existence of an affiliation, connection, or association between Barker Lounge and Barka Lounge.

51. Barka Lounge's aforesaid acts, and each of them, constitute unfair competition in violation of California Business and Professions Code § 17200 *et seq*.

52. 6As a direct and proximate result of the aforesaid acts of unfair competition, Barka Lounge has wrongfully taken Barker Lounge's profits and the benefit of its creativity and investment of time, energy and money. Barka Lounge should therefore disgorge all profits from the sale of its products and services, and further should be ordered to perform full restitution to Barker Lounge as a consequence of Barka Lounge's infringing, and unfairly competitive activities.

53. By reason of Barka Lounge's acts of unfair competition, Barker Lounge has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Barka Lounge from any further acts of unfair competition. Barka Lounge's continuing acts of unfair competition, unless enjoined, will cause irreparable damage to Barker Lounge in that he will have no adequate remedy at law to compel Barka Lounge to cease such acts. Barker Lounge will be compelled to prosecute multiplicity of actions, one action each time Barka Lounge commits such acts, and in each such action it will be extremely difficult to ascertain the amount of compensation which will afford Barker Lounge adequate relief. Barker Lounge is therefore entitled to a preliminary injunction and a permanent injunction against further infringing, and unfairly competitive conduct by Barka Lounge.

54. In doing the acts hereinabove alleged, Barka Lounge has acted fraudulently, oppressively, and maliciously, and, by reason thereof, Barker Lounge is entitled to exemplary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Barker Lounge prays for judgment against Barka Lounge as follows:

1. Barka Lounge and its officers, agents, servants, employees, attorneys, and all persons in active concert or participating with any of them, be preliminarily, and thereafter, permanently enjoined from committing any further acts of infringement and unfair competition including, but not limited to:

   a. Committing any further acts of trademark infringement;
   b. Using any term that is likely to be confused with the BARKER LOUNGE Marks asserted herein;
   c. Representing directly or indirectly in any form or manner whatsoever, that any product is associated with or approved by Barker Lounge, when, in fact, it is not; and

      d. Committing any other acts calculated to cause customers and prospective customers to believe that Barka Lounge's goods and services are Barker Lounge's, and from competing unfairly with Barker Lounge in any manner;

2. For a judgment that Barka Lounge has willfully and deliberately committed acts of trademark infringement, and unfair competition against Barker Lounge;

3. For monetary damages Barker Lounge has incurred as a result of Barka Lounge's unlawful acts, including an accounting and disgorgement of Barka Lounge's profits from its infringing, and unfairly competitive activity, in amounts to be proven at trial;

4. For Barker Lounge's actual profits and/or damages with regard to Barka Lounge's willful infringement of the BARKER LOUNGE Marks, which should be trebled on account of the intentional and willful nature of Barka Lounge's unlawful acts;

5. For exemplary and punitive damages;

6. For prejudgment and post judgment interest until the award is fully paid;

7. For Barka Lounge to pay Barker Lounge the attorneys' fees and costs and disbursements Barker Lounge incurred in having to bring and sustain this action for the legal enforcement of its trademark and business rights; and

8. For Barker Lounge to receive such other and further equitable relief as the Court may deem appropriate.

DATED: June 3, 2014        BLANK ROME LLP

        By: /s/ Cheryl S. Chang
           Cheryl S. Chang
           Robert P. Merten III
        Attorneys for Plaintiff
        THE BARKER LOUNGE BRANDS, LLC

# DEMAND FOR JURY TRIAL

Barker Lounge hereby demands a jury trial on all issues which can be heard by a jury.

DATED: June 3, 2014            BLANK ROME LLP


                               By: /s/ Cheryl S. Chang
                                   Cheryl S. Chang
                                   Robert P. Merten III
                               Attorneys for Plaintiff
                               THE BARKER LOUNGE BRANDS, LLC